UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALEXANDER WOLPERT, | No. 2:18-cv-299-KJM-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DISNEY ABC BROADCASTING CORPORATION, NBC CORPORATION, | |
| Defendants. | |

The court previously granted plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 13. Plaintiff was granted leave to file an amended complaint. Shortly after filing a first amended complaint, plaintiff filed a document styled as "Addendum: Amended Complaint," which the court construes as a second amended complaint.[1] ECF No. 18. As discussed below, the second amended complaint also fails to state a claim and must be dismissed.

As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief

---

[1] The addendum includes the allegations contained in the first amended complaint, plus a few additional allegations. Accordingly, the court construes this recent filing as a second amended complaint.

1

1 that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
2 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's
3 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
4 conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
5 allegations must be enough to raise a right to relief above the speculative level on the assumption
6 that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate
7 based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
8 support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
9 1990).

10 Under this standard, the court must accept as true the allegations of the complaint in
11 question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
13 *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading
14 requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a
15 complaint to include "a short and plain statement of the claim showing that the pleader is entitled
16 to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
17 which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18 Consistent with the original complaint, the second amended complaint has a curious
19 premise.  It alleges that the television show Saturday Night Live aired a sketch based on
20 plaintiff's relationship with a friend.  ECF No. 18 at 1.  It also alleges that in an episode from Late
21 Night with Seth Meyers, a character was depicted that had similarities to plaintiff.  *Id*.  For
22 instance, plaintiff claims the character wore an orange hoodie, and that it is commonly known that
23 plaintiff also wears an orange hoodie. *Id*. at 1-2.  The character also allegedly said a joke that was
24 nearly verbatim to a joke plaintiff posted on social media. *Id*. at 2.  Plaintiff further alleges that
25 the show "Fresh Off the Boat" included a character with the same first name as plaintiff. *Id*.  He
26 also alleges that in the show "The Goldberg's," a song was played that was remarkably "similar
27 to an original song that [plaintiff] posted" on YouTube. *Id*.  Plaintiff appears to allege a claim for
28 defamation against defendants Disney-ABC Broadcasting and NBC Broadcasting.  Plaintiff also

1  cites to 28 U.S.C. § 4101 and claims that defendants used his likeness to disparage him and his
2  standing in his community. *Id*. at 1-3.

3        Plaintiff's allegations fail to state a claim for relief. The statute he relies on, 28 U.S.C.
4  § 4101(1), does not create a cause of action. It defines "defamation" for judicial proceedings
5  where the court is asked to enforce or recognize a foreign judgment for defamation. But it does
6  not provide a private cause of action for defamation. *See Nahum v. Boeing Comp.*, 2020 WL
7  1627150, at *4 n.5 (W.D. Wash. Apr. 2, 2020). Furthermore, plaintiff's allegations do not
8  concern a foreign judgment.

9        Nor has plaintiff sufficiently alleged facts that would establish a state law defamation
10  claim. Under California law, to state a defamation claim a plaintiff must allege: (1) "the
11  intentional publication" of (2) "a statement of fact" that (3) is "false" (4) "unprivileged," and (5)
12  "has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.
13  App. 4th 637, 645 (1999). The second amended complaint does not allege that defendants
14  intentionally published a false statement of fact.

15        More significantly, plaintiff fails to establish subject matter jurisdiction over his state law
16  claim. He has not allege a federal cause of action that would permit supplemental jurisdiction
17  over his defamation claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original
18  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United
19  States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental
20  jurisdiction over all other claims that are so related to claims in the action within such original
21  jurisdiction . . . ."). Nor has he alleged that the parties' citizenship is diverse, and therefore fails
22  to establish diversity jurisdiction over his state law claim. *See* 28 U.S.C. § 1332; *Bautista v. Pan*
23  *American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity
24  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
25  matter in controversy exceeds $75,000).

26        Accordingly, plaintiff's second amended complaint must be dismissed. Further, the court
27  finds that granting further leave to amend would be futile. Plaintiff has already been afforded an
28  opportunity to amend to cure these defects, and his allegations continue to fall far short of stating

a cognizable claim. Consequently, it is recommended that the dismissal be without further leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's second amended complaint (ECF No. 18) be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE